IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANA A. WEYER and LORI A. WEYER,

                  Appellants,

v.

VALLEY COMMUNITIES CREDIT UNION and
CHAPTER 13 TRUSTEE,

                  Appellees.

OPINION AND ORDER

19-cv-926-wmc

Appellants debtors Dana A. Weyer and Lori A. Weyer filed a voluntary petition for Chapter 13 bankruptcy in October 2018. The debtors filed a proposed repayment plan that was approved by the bankruptcy court in January 2019. Appellee Valley Communities Credit Union ("VCCU"), a secured creditor, failed to file a proof of claim, meaning that it could not receive any repayment of debt owed it by the debtor, at least under the plan. However, VCCU then filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d)(1), which the bankruptcy court granted on grounds of a lack of adequate protection under the plan for VCCU's interest in vehicles still in the Weyers' possession. *In re Weyer*, 612 B.R. 1992 (2020). The debtors now appeal that ruling. Agreeing with the bankruptcy court's application of § 362(d)(1), this court will affirm the bankruptcy court's decision.

BACKGROUND

A. Bankruptcy Proceedings

Debtors Dana A. and Lori A. Weyer filed a voluntary petition for Chapter 13 bankruptcy on October 31, 2018. Along with the petition, the Weyers filed schedules and

a proposed repayment plan. The Weyers' initial filing listed VCCU as a creditor with two claims, each secured by one of the Weyers' two vehicles, a 2013 Buick sedan and 2008 Chevy truck. The plan proposed having the trustee make payments of $81.55 and $159.64 to VCCU each month to cover the two claims secured by the Weyers' vehicles. On January 7, 2019, the Weyers amended the plan, with the proposed treatment of VCCU's claims remaining the same.

From the beginning, the Weyers' proposed Chapter 13 plan included language from the Western District of Wisconsin's form plan, which alerts creditors that they "must file a timely proof of claim in order to be paid." The Weyers' amended plan was confirmed on January 29, 2019. Despite receiving these notices, however, VCCU did not do so until March 18, 2019 -- more than two months after the claims bar date. The Weyers also failed to act timely by not filing a proof of claim on VCCU's behalf, since the Bankruptcy Rules allow debtors to file proofs of claim on behalf of creditors in order to include them in the repayment plan. Fed. R. Bankr. P. 3004.

As a result, after the plan was confirmed, the trustee refused to make payments to VCCU because they did not timely file a proof of claim. However, the Weyers also failed to make payments to VCCU outside of the plan. On September 19, 2019, VCCU filed a motion for relief from stay on grounds of lack of adequate protection. The bankruptcy court held hearings on this issue on October 3 and October 17, 2019, before ultimately granting VCCU's motion for relief from stay.

B. Bankruptcy Court's Decision

Specifically, in his now published opinion, *In re Weyer*, 612 B.R. 192 (Bankr. W.D.

2

Wis. 2020), then Bankruptcy Judge Brett H. Ludwig granted VCCU's motion on grounds of lack of adequate protection.[1] First, the judge held that VCCU's secured claim is not being adequately protected (that is, the two vehicles in the Weyers' possession and serving as collateral as VCCU's debt was continuing to depreciate in value), reasoning that

> no payments have been made to the creditor since the court confirmed the Weyers' amended plan on January 29, 2019. Thus, nearly a year has passed since VCCU received a payment. During that same time period, VCCU's collateral has been depreciating in value. The failure to make payments on claims secured by depreciating collateral is the quintessential basis for finding a lack of adequate protection and granting relief from stay.

*Id*. at 195 (citing *In re Leonard*, 505 B.R. 835, 837 (Bankr. N.D. Ill. 2014) ("Since Debtor lacks equity and the aging auto is depreciating in value, Debtor must adequately protect the security interest of the Creditor. . . . This must be done by monthly payments that can be no less than the amount of depreciation.")).

Second, Judge Ludwig held that VCCU's failure to file a timely proof of claim did not entitle the Weyers to continue using secured collateral without providing adequate protection under 11 U.S.C. § 362(d), which "instructs that the court 'shall' grant relief from stay for 'cause' and expressly includes the lack of adequate protection as cause." *Id.* The judge rested this holding on the United States Supreme Court's decision in *Law v. Siegel*, 571 U.S. 415 (2014), which concluded that bankruptcy courts have no inherent or equitable power to create remedies that contradict the plain terms of the Bankruptcy Code.

---

[1] Before assuming his position as a United States District Judge for the Eastern District of Wisconsin on September 20, 2020, Judge Ludwig regularly served with distinction as a United States Bankruptcy Judge in both that district and the Western District of Wisconsin, as in this case, from 2017 to 2020.

*Id.* at 421.

Third, and finally, Judge Ludwig held that while "*[B]oth* parties failed to act timely under the Rules . . . the equities do not weigh in the Weyers' favor sufficiently to allow them to continue to use VCCU's collateral without payment." *Id.* at 196 (emphasis in original).  In sum, the bankruptcy court found that "[i]t would be unfairly punitive to VCCU, and would generate an undeserved windfall for the Weyers, if the court were to deny VCCU's motion." *Weyer*, 612 B.R. at 197.

In its opinion, as well as at the two hearings hold by Judge Ludwig, he also cited several cases with similar facts as the case before him.  For example, in *In re Kitzerow*, 573 B.R. 766 (Bankr. W.D. Wis. 2017), a debtor had filed a Chapter 13 plan that provided for payments to be made to a secured creditor, even though that creditor did not file a timely proof of claim.  The trustee in *Kitzerow* refused to make payments to the secured creditor under a debtor's Chapter 13 plan because a creditor must hold an "allowed" claim under 11 U.S.C. § 502(a) and Bankruptcy Rule 3021, both of which contemplate the filing of a proof of claim and no objections.  *Id*. at 768.  However, the bankruptcy court reasoned that "[n]othing . . . prevents a debtor from proposing treatment of a secured claim through a plan and giving notice of that proposal to the creditor.  The creditor then has a right to object to the proposed treatment.  If the creditor fails to object, it will be bound by the provisions of the plan." *Id.* (citing 11 U.S.C. § 1327).  Thus, Judge Furay held in *Kitzerow* that:

> [w]hile the better practice would have been for [the creditor] (or the Debtor or Trustee on its behalf) to file a claim, it did not do so.  The Plan included an amount for the secured claim and payment terms for the claim.  No objections were filed and the Plan was confirmed, thus binding [the creditor] and the

4

> Debtor to an established payment to satisfy the [secured] claim.

*Id.* at 770. Accordingly, the court directed the trustee to disburse payments to the creditor under the terms of the plan. *Id.*[2]; *see also In re Wulff*, 598 B.R. 459 (Bankr. E.D. Wis. 2019) (trustee directed to disburse payments to secured creditor under terms of confirmed Chapter 13 plan, even though creditor failed to file timely proof of claim).

## OPINION

While a bankruptcy court's factual findings are reviewed for clear error, its conclusions of law are reviewed *de novo*. *In re DeLong*, 323 B.R. 239, 245 (W.D. Wis. 2005). Here, appellants principally challenge the bankruptcy court's application of 11 U.S.C. § 362(d). As such, the court reviews that application *de novo* except where a factual dispute may arise. Specifically, the appellants-debtors argue as a legal matter that lack of adequate protection does not entitle VCCU to relief from the automatic stay if caused by its own failure to file a proof of claim timely.

The debtors begin their argument with the uncontroversial proposition that VCCU must establish the following elements to prevail on a claim of lack of adequate protection:

1. A debt is owed from the debtor to the creditor;
2. A security interest is held by the creditor that secures the debt at issue; and
3. A decline in the value of the collateral securing the debt along with the debtor's failure to provide adequate protection of the creditor's interest.

---

[2] Judge Furay looked to 11 U.S.C. § 1327(a), which states that confirmation of a Chapter 13 plan "bind[s] the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Further, section 1326(a)(2) provides that "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable."

(Appellants' Opening Br. (dots. #4) 6 (citing *In re Bivens*, 317 B.R. 755, 770 (Bankr. N.D. Ill. 2004)).)  Debtors then argue that VCCU's motion fails to meet the final element by noting that the debtors *provided* for adequate protection through contemplated payments to be made to VCCU under the approved plan, and any failure in the plan to continue VCCU's security interest in the Weyers' vehicles is wholly due to VCCU's own failure to file a proof of claim, citing in support a bankruptcy decision *In the Matter of Jones*, 555 B.R. 869 (Bankr. N.D. Ind. 2016).  However, as Judge Ludwig pointed out, the debtors acknowledge at the same time that VCCU's property interests in their vehicles was not adequately protected by the plan, whoever was more to blame.

The facts in *Jones* are almost identical to the facts here: debtors' Chapter 13 plan provided for monthly payments to be made to a secured creditor whose debt had been secured by a vehicle.  After failing to file a proof of claim, the second creditor later sought relief from the automatic stay, arguing a lack of adequate protection.  The bankruptcy court in *Jones* held that "no distribution can be made to a creditor who does not have an allowed claim and to have an allowed claim one must first file a proof of claim." *Id.* at 870 (citing *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015)).  Further, the court distinguished cases provided by the creditor, holding that the proposed payments in the debtors' plan had provided adequate protection to the creditor.  *Id.* at 871 n.2.

Here, however, the bankruptcy court considered and refused to follow *Jones* because "[n]owhere in the decision does the court explain how the creditor's failure to file a proof of claim overrides the express language in section 362(d) requiring the court to grant relief from stay for cause, which specifically includes the lack of 'adequate protection.'" *Weyer*, 612 B.R. at 196.  Regardless of the *proposed* plan in *Jones* or in this case, there is no dispute

that the Weyers *failed* to make any payment to VCCU during the roughly one-year period from the date their Plan was confirmed until the bankruptcy court granted relief under § 362(d), a period during which the confirmed plan denied VCCU recourse to seize its otherwise secured collateral in response.  As such, the bankruptcy court did not err in concluding as a matter of fact that VCCU lacked adequate protection.

Judge Ludwig persuasively identifies the flaw in the *Jones* decision, which effectively empowers bankruptcy courts to create remedies in contradiction to the plain terms of the code, something the Supreme Court barred in *Law v. Siegel*.  571 U.S. at 421 ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." (quotation marks omitted)).  In combination with the plain language of § 362(d), permitting relief from the automatic stay for a secured creditor whose interest the debtor failed to adequately protect, VCCU has met its burden of demonstrating entitlement to relief under that provision.  While the court in *Jones* opted to consider the creditor's failure to take advantage of the plan, for the reasons described above the *Jones* court created an equitable remedy not permitted by the code or by the Supreme Court's prohibition of such considerations.

Alternatively, the debtors argue that equitable principles dictate that VCCU's motion for relief from the automatic stay be denied.  While acknowledging their own failure to file a proof of claim on behalf of their secured debtor as called for in Bankruptcy Rule 3004, the debtors here nonetheless argue that the creditor is ultimately responsible for filing a proof of its own claim, or, at the least, debtors should not be punished for failing to do so.  More specifically, the debtors argue that allowing the creditor relief from the stay here will create a dangerous precedent:

> secured creditors will practically have no incentive to incur legal fees and to inconvenience themselves by having to participate in the bankruptcy proceedings. Instead, the secured creditors will be incentivized to sit idly and wait for the debtors to file proofs of claim on their behalf. When the unfortunate debtor fails to do so, the secured creditors will seek relief from stay for lack of adequate protection and will always prevail.

(Appellants' Opening Br. (dkt. #4) 15.)

In support, debtors cite *In re Schaffer*, 173 B.R. 393 (Bankr. N.D. Ill. 1994), where a secured creditor failed to file timely its proof of claim in another Chapter 13 proceeding, then following plan confirmation, the same creditor filed a motion to allow a late-filed claim. First, the *Schaffer* court held that a creditor "may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt." *Id.* at 395 (citing *In re King,* 165 B.R. 296, 299 (Bankr. M.D. Fla. 1994)); *see also* Bankr. Rule 3002(a) ("A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim."). Second, the *Schaffer* court held that § 502 and Bankruptcy Rule 3002(c) acted as a bar to late-filed claims: "If [the creditor] is to participate in distributions under the plan, it must adhere to the proper filing requirements . . . 'the plain language of the Code Provisions and Rules of Bankruptcy Procedure as well as the Seventh Circuit case law requires this Court to not allow untimely or tardily filed claims in a chapter 13 context.'" *Schaffer,* 173 B.R. at 397–98 (citing *In re Johnson,* 156 B.R. 557, 562 (Bankr. N.D. Ill. 1993)). Accordingly, the *Schaffer* court concluded that the creditor's late filed claim was barred, thus disallowing for the purpose of distribution to that creditor by the trustee.

Here, too, the court finds Judge Ludwig's reading of this statutory framework the more persuasive because it is: (1) premised on the plain language of § 362(d) and its

8

interplay with Rule 3002(a); (2) allows for *but does not* require a secured creditor to participate in the plan; and (3) provides the debtor with the opportunity to require a secured creditor to participate in the plan under Rule 3004 even if that creditor fails to file a proof of claim. To the extent the *Schafer* opinion concluded that the creditor could not participate in the plan, that court ignored the requirements of § 362(d), and, specifically, the requirement that the creditor be allowed to seek relief from the automatic stay where its interest is not adequately protected. Moreover, Rule 3004 provides an adequate avenue for a debtor to protect itself from any inequities associated with a creditor not participating in the plan and receiving payment outside of it. Here, the Weyers simply failed to take advantage of that form of relief. Finally, again as Judge Ludwig noted, the equities do *not* warrant allowing the debtors to continue to use VCCU's collateral without payment; it would instead unfairly penalize VCCU and "generate an undeserved windfall to the Weyers." *In re Weyers*, 612 B.R. at 197.

## ORDER

IT IS ORDERED that the ruling of the bankruptcy court is AFFIRMED.

Entered this 18th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge